RECEIVED IN CLERK'S OFFICE
NOV 29 2010
JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AARON LAFON )  CIVIL ACTION FILE NO:
             )
    Plaintiff, )
             )                          CB
vs.          )
             )
             )
CITIMORTGAGE, INC. )
FANNIE MAE   )        1 10-CV-3886
             )
    Defendants, )
             )

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

COMES NOW, Plaintiff, Aaron LaFon, pro-se in the above styled matter and files this Complaint for Permanent Injunction and other Equitable Relief.

### INTRODUCTION AND FACTS

On JANUARY 3, 2001 Aaron LaFon Plaintiff, obtained a loan in the amount of Two Hundred Twenty Thousand s$220,000.00 ). The loan was to refinance property located at 1365 Lake Forest Lane McDonough, Georgia 30253. The account number associated with this loan is 771181360. This loan is a part of a pool of securities that have been sold for investment on Wall Street. The loan has been paid in full. All closing documents were not given to the Plaintiff before closing for his viewing as per TILA ACT 15 U.C.S. § 1601 ET Regulation Z early disclosure statements were not provided to consumer. Also see (RESPA). The special information booklet, containing consumer information was omitted. The Controlled Business Arrangement (CBA) Disclosure which is required was not given to the consumer as required according to 12 U.S.C. § 2607(c)(4).

This loan #771181360 has been transferred several times to several servicing companies.

At no time were closing documents given to the Plaintiff prior to closing of his loan, as per the TILA Act.

This loan is now serviced by Citi Mortgage and Fannie Mae. A minimum of 15 days were not given to the Plaintiff before the transfer as required by Federal Law.

Citi Mortgage failed to provide all of the necessary material disclosures as required.

The notices of cancellation were provided to the Plaintiff. No preliminary Disclosures were given to price as required by 12 CFR  226.17(b) and 226.19 (a).

A rescission Letter was sent to the parties involved due to the many violations which includes an agreed upon payment modification (H.A.M.)  House Affordable Mortgage program which was later changed or discontinued by Citi Mortgage. (see exhibit "A").

This loan should be rescinded as per TILA 15 U.S.C. (b); Reg Z  226.15(d)(1) 226.23 (d) (1)  226.15 and 226.23. Predatory Lending Practice 15 U.S.C.  1602(a) (1) (A); Reg Z 226.32(a) (i). The rescission is valid under the Federal Truth in Lending Act (TILA), Home Owners Equity Protection Act (HOEPA), and the U.S. Treasury Regulation "Z" (REG Z) and the legal effects of a rescission under these Statues.

The TILA Rescission Notice AUTOMATICALLY RENDERED THE TRUST DEEDS VOID BY OPERATION OF LAW. Citi Mortgage has charged excessive late fees and finance charges and have failed to give an accounting of all payments received when asked in writing as required by law.

As a fact, I have asked that the Note Holder show proof by Original promissory note as to whom the real holder in due course is.... Please see United States District Court Case For The Northern District of Ohio Case No. 07CV2282. The Servicer and MERS DO NOT have standing. See e.g. Greer v. O'Dell, 305 F.3d 1297, 1302-03 (11th Cir. 2002). Saxon Mortgage v. Hillery 2009 WL 2435926 (U.S.. Dist. Court, N.D. Cal. 2009).

## JURIDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a), 53(b), 1607(c), 1691c(c), and 1681s (a), and 28 U.S.C. §§ 1331, 1337(a) and 1345. Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 139(b) and (c), and 15 U.S.C. § 53(b).

## PARTIES

Plaintiff is an ordinary citizen trying to accomplish the American dream of home ownership. Address of property is 1365 Lake Forest Ln. McDonough, GA 30253 At all times relevant to this Complaint, Defendant Citi Mortgage % can Pendergast & Jones Atty for Citi Mortgage

3

receive service at  South Terraces; Ste 1000 N5 Permite Atlanta, GA 30346

## INJURY

Aaron Lafon has suffered, and will continue to suffer, substantial injury as a result of the defendant's violations of law.

## STATEMENT OF CLAIM

Plaintiff has been violated by the Defendants deliberate failure to give them all The necessary disclosures and by the excessive fees charged during the closing and Servicing of this loan. See In re Hawng, 396 B.R. 757 (Bankr. C. D. Cal. 2008)

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court, as authorized by and pursuant to its own 11 U.S.C. § 362(a) .and pursuant to its owned equitable powers.

(a) Enter judgment against defendants and in favor of plaintiff for Each Violation charged in the complaint.

(4)

(b) Permanently enjoin and restrain defendants from violating § TILA, Regulation Z, and RESPA in any way where AARON LAFON is Concerned.

(c) Find the defendants jointly and severally liable for redress to the Plaintiff, Who has been injured as a result of the defendants' violations of 5(c) of The FTC Act, the TILA and Regulation Z, and, award such relief as the Court Deems necessary to prevent enrichment and to redress borrower's injury resulting from Violations of 5(a) of the FTC Act, the TILA and Regulation Z, the ECOA'S Regulation B, and the FCRA, including, but not limited to Rescission or

Reformation of contract, the refund of monies paid, and disgorgement of ill-Gotten gains.

That the above requested damages be assets:

(d) For violation of the TILA ACT:

(e) Punitive damages for harassment, emotional distress and displacement. See Young v. Bank of America 141 Cal. App. 3d 108 (1983). Munger v. Moore 11 Cal. App. 3d. 1 (1970) $ 50,000.00.

(f) Plaintiff also, seeks statutory damages and equitable damages.(as the Court deems fair.)

g) That the plaintiff is awarded special damages of $ 50,000.00

(h) And that three times the amount set by TILA for violations. Award plaintiff his cost to bring this action, as well as such other Additional equitable relief as the Court determines to be just and proper

If it becomes necessary to prosecute this action, that this case is tried by a Jury of 12 persons.

Dated Nov. 20, 2010

Respectfully Submitted,

*Aaron LaFon*
Aaron LaFon   Pro Se
1365 Lake Forrest Lane
McDonough, GA 30253



September 28, 2010

*Citi Mortgage*
*Loan # ) 8*
**771181360**

AARON LAFON
3261 MUSTANG CIR
FAIRFIELD CA 94533-7724

RE:   1365 LAKE FOREST LN
      MCDONOUGH GA 30253
      CMI LOAN #: 771181360

Dear Mortgagor:

This letter will serve as notice that your mortgage is still in default. All reasonable efforts afforded you to cure this default have failed.

Your loan has been referred to the following legal firm to begin foreclosure proceedings:

                    PENDERGAST & JONES, P.C.
                    SOUTH TERRACES, STE 1000, 115 PERIMETER
CENTER PLE

                    ATLANTA GA 30346-
                    (770)392-0303

If you have any questions regarding foreclosure proceedings on your mortgage, please contact the above attorney.

Sincerely,

Foreclosure Department

In the event you are subject to an Automatic Stay issued by a United States Bankruptcy Court or the referenced debt has been discharged in Bankruptcy, this communication is not intended to collect a debt.

CitiMortgage
5280 Corporate Dr
Frederick, MD 21703

**WESTERN UNION**
**SPEEDPAY**

SHERRY HUFFMAN
3261 MUSTANG CIR
FAIRFIELD CA  94533-7724

September 4, 2009

# 77118130

Re:     CitiMortgage
Account Number Ending In:     *******3605

Dear Sherry Huffman:

This letter is to confirm that you verbally authorized a payment schedule to CitiMortgage on 9/2/09 to the account referenced above.

Pursuant to our agreement, the payment schedule is as follows:

Drawn On:           Solano First Fcu
Bank account:       ******2708

Payment No# 1 in the amount of $585.01 on 10/1/09.
Payment No# 2 in the amount of $585.01 on 11/1/09.
Payment No# 3 in the amount of $585.01 on 12/1/09.

A check number will be automatically assigned for each payment processed.

If you have any questions about this payment schedule, please contact CitiMortgage at 1-800-374-8814.

Sincerely,

Western Union on behalf of CitiMortgage

F0019

Loan # 771181360

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing on:

| | |
|---|---|
| Citi Mortgage: | 5280 Corporate Drive MC 0251<br>Frederick, MD 21703 |
| Fannie Mae: | 3900 Wisconsin Avenue NW<br>Washington DC 20016 |
| CitiMortgage: | P.O. Box 6006<br>The Lakes, NV 88901-6006 |
| Pendergast & Jones, PC: | South Terraces Suite 1000<br>115 Perimeter Center Place<br>Atlanta, Georgia 30346 |

By placing a copy of same in the United States mail, first class postage prepaid and addressed to their regular mailing addresses on this _____ day of November 2010

_____
Aaron Lafon   pro se

9

From: OPEN MRI & CT OF STOCKBRIDGE       10/21/2010 19:06 #331 P.011/017
Case 1:10-cv-03886-TCB-ECS  Document 3  Filed 11/29/10  Page 10 of 11

Oct 18 10 02:06p    Sherry Huffman           707-427-2878           p.10

EXHIBIT "E"

77118136O

8. I/we understand that the Servicer will use this information to evaluate my/our eligibility for a loan modification or other workout, but the Servicer is not obligated to offer me/us assistance based solely on the representations in this affidavit.

9. I/we authorize and consent to Servicer disclosing to the U.S. Department of Treasury or other government agency, Fannie Mae and/or Freddie Mac any information provided by me/us or retained by Servicer in connection with the Home Affordable Modification Program.

_Sherry Huffman POA_ for Aaron Lofton    __10/19/09__    _____  _____
Borrower Signature               Date          Co-Borrower Signature   Date

E-mail Address: _SherryHuffman@att.net_   E-mail Address: _____
Cell Phone #: _707-480-7634_              Cell Phone #: _____
Home Phone #: _707-427-2878_              Home Phone #: _____
Work Phone #: _____             Work Phone #: _____
Social Security #: _616 10 6672_ (Aaron Lofton)    Social Security #: _____

Explanation: I have been unemployed since early 2007. I am currently incarcerated and anticipate release August 2012. My fiancé Tiffany Torgusa, and our daughter are residing at the residence. Tiffany along with my mother, Sherry Huffman, have been making all payments for nearly 2 years. They have extinguished all resources and cannot continue to make the current monthly payment of $1858. To avoid foreclosure of this home that I purchased in 2002 and until recently have maintained, I am asking that you please give this application for interest rate modification (H.A.M) program your deepest consideration.

Fannie Mae Form 1021              Page 3 of 4                   April 2009

Exhitit #"D"

From: Aaron Lafon
Re: CMI Loan #: 771181360

I am writing in response to the letters I received dated Oct, 1 2010. One letter indicated that the foreclosure process was going to begin and one stated there were several options available to help me keep my home. I am interested in the latter of keeping my home.

A little history concerning this loan is as follows:

1) In latter of 2008 I received a verbal loan modification plan to reduce my payment to $585/ month for 60 months. I agreed to it and the procedure was sent to me.
2) I complied with the payments as requested ;                                              ( until mid 2010)
3) I then received a letter in May 2010 that my loan modification had been denied. However, I never violated or defaulted against the agreement that was to be in place for 5 yrs (60 months)
4) I do not know why Citi just inadvertently denied the modification when they had prposed it and I agreed and complied with it (see attached). I expected the mod to last for 5 yrs as promised by the lender. The lender then went against the plan they proposed before the 60 months expired.
5) I am still prepared to comply with the : $585 per month remaining 54 months or until my financial position imroves. In fact, I expect a sizable tax return in April 2011 that would allow me to improve my financial condition It is my request for Citi to comply with the agreement they first sent me until the duration of the expiration period. Again, I am prepared and able to continue paying the $585 month as originally agreed upon by the lender and I. I thank you in advance for the consideration of my request.