

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AARON LAFON, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO. 1:10-cv-3886-TCB |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| FANNIE MAE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the Court for a 28 U.S.C. § 1915(e)(2) frivolity determination and for consideration of the pending motion for a temporary restraining order [4].

### I. Frivolity Determination

A federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous "where it lacks an arguable basis

either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555-56 (noting that "factual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more than statement of facts that merely creates a suspicion of a legally cognizable right of action") (citation and internal punctuation omitted).

In submitting this matter to the Court for a frivolity determination, Magistrate Judge E. Clayton Scofield III observed that "Plaintiff's complaint is a virtual word-for-word reproduction of a complaint which this Court has previously dismissed as meritless" in *Shanyfelt v. Wachovia Mortg.*, 1:09-cv-3690-ODE-ESC (N.D. Ga. March 31, 2010) [2]. This Court has also seen complaints that contain, at least in part, substantially similar language. *See, e.g., Mitchell v. Washington Mut.*, 1:10-cv-03196-TCB-JFK (N.D. Ga. Oct. 6, 2010).

Considering that the complaint is identical to or substantially similar to complaints filed in other cases and that Plaintiff appears to have inserted the handwritten addition of his name and contact information over redacted portions of another complaint, the Court is persuaded that Plaintiff has submitted a form complaint that may not be tailored to his specific situation. Submitting such a complaint presents a problem for Plaintiff in that he has not properly pled sufficient facts to support his claims in this litigation. Exhibits to the complaint suggest that Plaintiff would contend that (1) he had a written agreement with his mortgage company for a modified payment plan; (2) he complied with the plan by making the agreed upon reduced monthly payments; (3) the mortgage company unilaterally rescinded the modified plan; and (4) the mortgage company refuses to accept the lower monthly payments that Plaintiff continues to offer [1-1, Exhibits A-E]. Plaintiff, however, does not rely upon these allegations in his complaint.[1]

---

[1] Plaintiff makes one brief reference to an "agreed upon payment modification" without explaining how the alleged modification plan provides grounds for a cause of action against Defendants, how the allegations establish federal jurisdiction over this case, or how the modification relates to the remainder of his claims.

3

To the contrary, the allegations in the complaint inconsistently state that Plaintiff's loan has been paid in full; that the original and subsequent lenders violated various federal laws by not providing Plaintiff with required paperwork, thus rendering the loan invalid; and that Defendants are not the holders in due course of the promissory note on Plaintiff's loan. The evidence submitted with the complaint does not support these allegations and therefore the complaint does not state a claim for relief that is plausible on its face.

Further, merely attaching exhibits to a complaint is not sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555-56. In light of Plaintiff's pro se status, the Court has interpreted his complaint under less stringent standards than it would apply to a pleading drafted by an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "[e]ven in the case of pro se litigants ... leniency does not give a court license to serve as de facto counsel for a party, ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th

Cir. Jun 30, 2010). Thus, although the Court could have relied upon Plaintiff's exhibits in support of the allegations in his complaint, it cannot redraft his complaint to add a cause of action based on statements found only in his exhibits.

Rather than dismissing the complaint, in further consideration of Plaintiff's pro se status the Court will direct Plaintiff to file an amended complaint within twenty days.

## II. Motion for Temporary Restraining Order

As Judge Scofield observed, it appears that Plaintiff's mother, Sherry Huffman, may be attempting to represent him in this case based upon a power of attorney and due to his alleged incarceration.[2] Huffman has not identified herself as an attorney licensed to practice law or as admitted to the bar of this Court. The "power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." *Jacox v. Dep't of Defense*, 2007 WL

---

[2] Judge Scofield based this assumption on the fact that Huffman filed a motion for a temporary restraining order in this case and on the apparent difference between Plaintiff's signature on the complaint and his signature on the form granting Huffman power of attorney. Huffman has also requested that all correspondence in this case be sent directly to her.

5

118102, at *1 (M.D. Ga. Jan. 10, 2007). Except in certain situations involving minor children, which does not appear to be the case here, "parents who are not attorneys may not bring a pro se action on their child's behalf." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, the motion for a temporary restraining order was not properly filed by Plaintiff and the Court will dismiss it [4].

## III. Conclusion

The Court ORDERS Plaintiff to file an amended complaint within twenty days of the entry of this order addressing the deficiencies identified above.

The Court DENIES Plaintiff's motion for a temporary restraining order [4].

IT IS SO ORDERED this 30th day of November, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge